UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRAVO SHIPPING LTD. | * | CIVIL ACTION |
| VERSUS | * | NO. 2015-1137 |
| PRIVOCEAN SHIPPING LTD. and the M/V PRIVOCEAN, her engines, tackle, Apparel, furniture, etc., *in rem* | * | SECTION |
| *   *   *   *   *   *   *   *   * | | JUDGE<br>MAG. |

### VERIFIED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Bravo Shipping Ltd. ("Bravo Shipping"), as owner of the M/T BRAVO, and for its Verified Complaint against Privocean Shipping Ltd., *in personam*, and the M/V PRIVOCEAN, *in rem*, avers upon information and belief as follows:

I.

Made Defendants herein are:

a) Privocean Shipping Ltd. ("Privocean Shipping"), *in personam*, a foreign corporation with its principal place of business in Athens, Greece, which at all pertinent times was doing business within the State of Louisiana and this judicial district, and is the owner and/or operator of the M/V PRIVOCEAN; and

1

b) The M/V PRIVOCEAN, *in rem*, a 229 meter long, 32.3 meter breadth bulk carrier, flying the flag of Malta, bearing IMO No. 9628087, which at all times pertinent was and is owned and/or operated by Privocean Shipping, and which is now, or during the pendency of this action will be, afloat upon the navigable waters of the United States within the territorial limits of this judicial district and the jurisdiction of this Honorable Court.

II.

This is an admiralty and maritime claim within the meaning of 28 U.S.C. §1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

III.

Venue is proper in this judicial district because the events giving rise to this claim occurred in this district.

IV.

Bravo Shipping is the owner of the M/T BRAVO, a Malta-flagged, oceangoing tank vessel with an overall length of 816.8 feet, a breadth of 143.3 feet, and gross tonnage of 61336, bearing IMO No. 9472622.

V.

In April 2015, the M/T BRAVO carried a cargo of crude oil from Sullum Voe, United Kingdom, to the Ergon-St. James Dock ("Ergon Dock") in St. James, Louisiana, on the west bank of the Mississippi River at Mile Marker 160.7 AHP, arriving at the Ergon Dock on 4 April 2015 to discharge its cargo.

VI.

At approximately 1600 hours on 6 April 2015, the M/V PRIVOCEAN was berthed at the Convent Marine Terminal ("CMT"), located in Convent, Louisiana, on the east bank of the Mississippi River at Mile Marker 161.0 AHP, when the vessel broke loose from its moorings, traveled across the Mississippi River and allided with the M/T BRAVO and Ergon Dock, as well as the Tug TEXAS, which had been tied off to the M/V PRIVOCEAN while it was moored at the CMT.

VII.

The M/V PRIVOCEAN struck the M/T BRAVO on several occasions during this allision, and pushed the M/T BRAVO into the Ergon Dock, causing significant damage to the M/T BRAVO, the Ergon Dock and the Tug TEXAS.

VIII.

As a result of the M/V PRIVOCEAN alliding with the M/T BRAVO, the M/T BRAVO sustained substantial hull damage and other physical damage that will require the vessel to undergo permanent repairs at a facility yet to be determined.

IX.

Privocean Shipping, as owner and operator of the M/V PRIVOCEAN, and the M/V PRIVOCEAN, *in rem*, are liable to Bravo Shipping for the damages sustained to the M/T BRAVO, which were caused solely by the fault, neglect, and/or lack of due care on the part of Privocean Shipping and the unseaworthiness of the M/V PRIVOCEAN, all of

which was in the privity and knowledge of Privocean Shipping, including but not limited to:

1) Operating the M/V PRIVOCEAN in a negligent and/or unseaworthy manner;

2) Failure of the M/V PRIVOCEAN to provide a properly trained and competent crew to operate the M/V PRIVOCEAN;

3) Failure to properly take into account the high river stage and swift river current in securing the M/V PRIVOCEAN to the CMT;

4) Failure to properly moor the M/V PRIVOCEAN to the CMT Dock;

5) Failure to use a sufficient number of appropriate mooring lines, having adequate strength and in proper condition, to securely moor the M/V PRIVOCEAN to the CMT Dock;

6) Failure to use an adequate number of tugboats of sufficient horsepower to maintain the vessel in a secure position at the CMT Dock;

7) Failure to have a licensed river pilot aboard the vessel while docked at the CMT Dock during this period of high river and strong river current;

8) Failure of the captain and crew of the M/V PRIVOCEAN to properly navigate and control the vessel;

9) Failure of the captain and crew to exercise reasonable care in the operation of the M/V PRIVOCEAN;

10)   Failure of the captain and crew of the M/V PRIVOCEAN to take the necessary evasive maneuvers to avoid collision with the M/T BRAVO;

11)   The unseaworthiness of the M/V PRIVOCEAN; and

12)   Other acts of negligence and/or unseaworthiness to be established at trial of this matter.

X.

Privocean Shipping, as owner and operator of the M/V PRIVOCEAN, and the M/V PRIVOCEAN, *in rem*, are presumed to be at fault in this allision, all as provided for under the application of the *Oregon* Rule and/or the *Louisiana* Rule.

XI.

As a result of defendants' negligence, the M/T BRAVO, *in rem*, and Bravo Shipping have sustained significant damages, including, but not limited to, the cost to repair the M/T BRAVO, all consequential damages, loss of charter hire, loss of use, bunker expenses incurred during periods of delay and repair, survey costs, oil clean up costs, assist tugs and pilot expenses, salvage expenses and all other related expenses, costs and pre-judgment interest and other damages that will be proven at trial.

XII.

Further, Bravo Shipping is entitled to indemnity, contribution and/or reimbursement from defendants for any claims that the owners of the Ergon Dock may assert against Bravo Shipping and/or the M/T BRAVO, *in rem*, due to the M/T BRAVO

being pushed into the Ergon Dock and allegedly damaging the Ergon Dock as a result of the M/V PRIVOCEAN's allision with the M/T BRAVO.

XIII.

Additionally, Bravo Shipping is entitled to indemnity, contribution and/or reimbursement from defendants for any damages that Crescent Towing, Inc. ("Crescent") may assert against Bravo Shipping and/or the M/T BRAVO, *in rem*, for physical or other damage to any of its vessels, or injuries sustained by any Crescent employees who were aboard any Crescent vessels involved in this incident, as a result of the M/V PRIVOCEAN's allision with the M/T BRAVO.

XIV.

Bravo Shipping is also entitled to indemnity, contribution and/or reimbursement from defendants for any damages that any Crescent employees may individually assert against Bravo Shipping and/or the M/T BRAVO, *in rem*, for injuries sustained as a result of the M/V PRIVOCEAN's allision with the M/T BRAVO.

XV.

Bravo Shipping has a maritime lien on the M/V PRIVOCEAN, *in rem*, and a right to arrest said vessel to perfect its maritime lien under Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

XVI.

Upon information and belief, the M/V PRIVOCEAN is now, or will during the pendency of this action be, afloat on the navigable waters of the United States within the

jurisdictional limits of this Honorable Court. Bravo Shipping is, therefore, entitled to, and hereby prays for, an order pursuant to Rule C instructing the Clerk of this Court to issue a Warrant of Arrest directing the United States Marshal for this district to arrest the M/V PRIVOCEAN currently lying afloat at Grandview Anchorage, Mississippi River Mile Marker 146.7 AHP, and to retain said vessel in his custody and control until such time as the defendants post security in an adequate amount and appropriate form to obtain the vessel's release, failing which, the said vessel should be condemned and sold to satisfy Bravo Shipping's claims herein.

XVII.

Based on the foregoing, Bravo Shipping is entitled to a judgment holding defendants, Privocean Shipping and the M/V PRIVOCEAN, *in rem*, solidarily liable for all damages sustained by Bravo Shipping and the M/T BRAVO as described herein, as well as for indemnity, contribution and/or reimbursement for damages that plaintiff may be required to pay to Ergon, Crescent and/or Crescent employees, plus all expenses, attorneys' fees and pre and post-judgment interest on all sums awarded.

XVIII.

All and singular, the foregoing premises are true and correct and within the admiralty and maritime jurisdiction of the United States of America and this Honorable Court.

**WHEREFORE,** considering the foregoing, plaintiff Bravo Shipping prays:

1. That defendants, Privocean Shipping Ltd, *in personam*, and the M/V PRIVOCEAN, *in rem*, be summoned to appear and answer, all and singular, the allegations of this Verified Complaint;

2. That process in due form of law be issued pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and that the M/V PRIVOCEAN, *in rem*, be arrested and held to satisfy Bravo Shipping's claims, plus interest, costs and attorneys' fees;

3. That all parties claiming an interest, title or right in the said vessel appear and answer, all and singular, the allegations of this Verified Complaint;

4. That after due proceedings, plaintiff have judgment against defendants, Privocean Shipping Ltd, *in personam*, and the M/V PRIVOCEAN, *in rem*, for all damages resulting from the matters described herein and all liability and expenses incurred by plaintiff in an amount to be proven at trial, plus interest, costs and attorneys' fees;

5. That the M/V PRIVOCEAN be condemned and sold to satisfy any judgment awarded by the Court herein; and

6. For all such other relief that justice and the nature of the case will allow.

Respectfully submitted,

MURPHY, ROGERS, SLOSS,
  GAMBEL & TOMPKINS

*/s/ Robert H. Murphy*

_____
Robert H. Murphy, T.A. #9850
rmurphy@mrsnola.com
Peter B. Tompkins #17832
ptompkins@mrsnola.com
Timothy D. DePaula #31699
tpaula@mrsnola.com
701 Poydras Street
Suite 400, One Shell Square
New Orleans, LA   70139
Telephone:  (504) 523-0400
Facsimile  :  (504) 523-5574
*Attorneys for Bravo Shipping Ltd.*

**PLEASE ISSUE SUMMONS TO:**

M/V PRIVOCEAN, *in rem*
Through its Master
Currently lying afloat at Grandview Anchorage
Mississippi River at Mile Marker 146.7 AHP

Privocean Shipping Ltd.
c/o Bariba Corp., 196, Kifisias Avenue, Marousi, 151 25 Athens, Greece
Through the Louisiana Secretary of State,
Pursuant to the Louisiana Watercraft Statute,
La. R.S. §13:3479

100/4952